**David BROWNING, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19876.**

United States Court of Appeals
Ninth Circuit.

Sept. 8, 1966.

James R. White, III, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLIN and KOELSCH, Circuit Judges.

HAMLIN, Circuit Judge.

David Browning, appellant herein, was charged in an indictment filed by the grand jury on July 15, 1964, in the United States District Court for the Northern District of California, Southern Division, with two violations of law. In Count 1, appellant along with a co-defendant named Lewis was charged under 18 U.S.C. § 371 with conspiring to violate two federal laws: one prohibiting the sale, transportation and concealment of marihuana, 21 U.S.C. § 176a; and the other prohibiting the transferring of marihuana not pursuant to a written order form supplied by the Secretary of the Treasury, 26 U.S.C. § 4742(a). In Count 2, appellant was charged with concealing and facilitating the concealment of approximately 19 pounds of marihuana in violation of 21 U.S.C. § 176a. He waived a jury trial with the consent of the court and his counsel, and was tried before the court without a jury. He was convicted on both counts, received concurrent sentences on said convictions and filed a timely appeal in this court. The district court had jurisdiction under 21 U.S.C. § 176a and 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 et seq.

Although the brief filed by appellant's counsel in this court is confusing and does not conform to our rules,[1] we gather that the first contentions of appellant are that 21 U.S.C. § 176a [2] is unconstitutional

---

1. The brief consisted of 213 pages and did not contain the basic requirements set out in Rule 18 of this court including the fact that no specification of errors appeared therein.

2. 21 U.S.C. § 176a. " * * * whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law * * * or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned * * *.

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his

because it imposes a cruel and unusual punishment and violates the due process clause in some manner and that 26 U.S.C. § 4742(a) [3] is unconstitutional because it violates the privilege against self-incrimination.

■ The constitutionality of 21 U.S.C. § 176a has been determined adversely to appellant in many cases. See, e. g., Ruiz v. United States, 328 F.2d 56 (9th Cir. 1964); Gallego v. United States, 276 F.2d 914 (9th Cir. 1960); Costello v. United States, 324 F.2d 260 (9th Cir. 1963); Haynes v. United States, 339 F.2d 30 (5th Cir. 1964), cert. denied, 380 U.S. 924, 85 S.Ct. 926, 13 L.Ed.2d 809 (1965).

■ The argument that the narcotics laws violate the privilege against self-incrimination has also been rejected. Haynes v. United States, supra; Ruiz v. United States, supra; Palmer v. United States, 332 F.2d 788 (9th Cir. 1964).

■ Appellant next contends that it is impossible to pay the tax on marihuana which is referred to in 26 U.S.C. § 4741. A short answer to this is that he was not charged with conspiring to fail to pay the tax, but was charged with conspiring to transfer marihuana not pursuant to a written order.

■ An examination of the record discloses that there was ample evidence to sustain the charge of conspiracy found in Count 1 of the indictment. Michalina Lewis, the co-defendant on Count 1 who had pled guilty to that charge, testified for the government. She described in detail the agreement and arrangements made between her and appellant to sell marihuana to Carl Baker (a government agent, although not known to be such to Lewis and appellant at that time). She described also the coming of appellant to her house to make the marihuana sale and the introduction of appellant to the government agent.

Appellant did not testify, nor did he produce any witnesses at the trial.

Appellant next contends that his conviction on Count 2 of the indictment should be set aside because there was no probable cause for his arrest without a warrant, and that the search of his automobile after his arrest was in violation of his constitutional rights.

■■ We have examined the evidence as to appellant's arrest and find that there is no merit in appellant's contentions. There was ample probable cause for his arrest, and the search of the automobile in front of the house where he was arrested immediately after his arrest was under the circumstances not only a proper one as a contemporaneous search incident to his arrest but also was proper because the officers at that time had probable cause to believe that the automobile contained contraband material in violation of 49 U.S.C. §§ 781 and 782, Burge v. United States, 342 F.2d 408 (9th Cir. 1965).

■ However, we do not intend to set out the evidence in detail which pertains to this second count for the reason that the court imposed equal and concurrent sentences under both Counts 1 and 2 of the indictment. Having held that the judgment should be affirmed as to conviction on Count 1, it is unnecessary for us to justify the conviction on Count 2. Lawn v. United States, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958).

Judgment affirmed.

---

possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

3. 26 U.S.C. § 4742(a). "It shall be unlawful for any person * * * to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."