UNITED STATES of America, Plaintiff-Appellee,

v.

Roland Lee STOUT, Defendant-Appellant.

No. 240–70.

United States Court of Appeals, Tenth Circuit.

Dec. 9, 1970.

---

7. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687–688, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946).

His motion to suppress evidence of property discovered and seized in two searches of a 1962 Oldsmobile was denied, and such evidence was admitted at the trial.

A motion to suppress evidence of property discovered in the search of a motel room was denied, and such evidence admitted in support of Count III.

Counsel for Stout stated in his brief that the issue presented for review is the ruling of the trial court denying the motion to suppress the evidence of the property found and seized in the two searches of the Oldsmobile. Hence, we will consider only the validity of those searches.

On the night of September 4, 1969, the United States Post Office at Timewell, Illinois, was forcefully entered and certain United States money orders, postage stamps, savings stamps, a validating stamp of the Timewell Post Office, one dating stamp, a box of rubber dates and a rubber stamp pad were stolen therefrom.

Gerald F. Burgess, a postal inspector, was informed by John W. Neff, also a postal inspector, that a stolen money order had been cashed in downtown Colorado Springs by a female using the name Rose Ann Rose and an Illinois driver's license. She was described as a brunette, five feet two inches tall, weighing 124 pounds, and wearing brown bell bottom pants and white tennis shoes. Thereupon, Burgess, accompanied by Neff, proceeded to the downtown area of Colorado Springs. Burgess observed a 1962 Oldsmobile bearing Illinois license plates, occupied by three males and one female. He thought the female was the person whose description had been given him by Neff. He proceeded to follow the Oldsmobile until it was parked. As the occupants alighted therefrom, he then had a clear view of the female and was sure she was the person who had cashed the stolen money order.

Richard J. Spelts, Asst. U. S. Atty. (James L. Treece, U. S. Atty., on the brief), for plaintiff-appellee.

Sheldon E. Friedman, Denver, Colo., for defendant-appellant.

Before LEWIS, Chief Judge, and PHILLIPS and JOHNSEN,* Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

Stout and a codefendant, Jerry F. Revis, were charged in a three-count information with violations of 18 U.S.C. § 641. The first count charged them with concealing in a 1962 Oldsmobile postal money orders, property of the United States of a value in excess of $100, and with retaining such money orders with intent to convert them to their own use.

The second count charged them with concealing United States postage stamps and savings stamps, property of the United States of a value in excess of $100, with intent to convert them to their own use.

The third count charged them with retaining stolen United States postal money orders of an aggregate value in excess of $100, with intent to convert them to their own use.

Stout was acquitted on Count III. He was convicted and sentenced on Counts I and II and has appealed.

* Of the Eighth Circuit, sitting by designation.

The occupants of the Oldsmobile were Rose Ann Rose, Walter Rife, Jerry F. Revis and Jerry L. Gleghorn. They entered a bar about one block from the parked Oldsmobile. Burgess went to the Post Office, which was about a block away, and with binoculars observed them in the bar for about five minutes. He then went back down the street and stood at the corner of the bar for about 30 minutes. A shoe salesman who had cashed one of the money orders joined him. He showed Burgess the money order he had cashed and Burgess knew it was irregular and not a valid money order. They entered the bar to see if the salesman could identify the person for whom he had cashed the money order, but Rose Ann Rose had left the bar. Burgess saw Rose Ann Rose in a store attempting to cash money orders.

Burgess was dressed in plain civilian clothes. While he was standing in front of the bar, Gleghorn walked past him and Burgess noticed a portion of a money order protecting from one of Gleghorn's pants pockets.

Burgess crossed the street and entered a police car in which two Colorado Springs policemen and Neff were seated.

Gleghorn came out of the bar and walked toward the Oldsmobile. Rife then came out of the bar and proceeded in the same direction. Shortly thereafter, Rose Ann Rose and Jerry Revis came out of the bar and proceeded toward the parked automobile. All four of them entered the Oldsmobile. When they had all entered the Oldsmobile, Burgess proceeded in the police car to the side of the Oldsmobile, identified himself to them as a postal inspector, placed them under arrest, and put them in the police car. Burgess immediately seized the Oldsmobile and made a partial search thereof. Under the floor mat he found a money order made out in the name of Jerry Gleghorn. Under the front seat he found a brochure of Seven Falls, with two money orders on the inside. Under the back seat he found a cardboard box containing 158 books of United States postage stamps. He also found in the automobile several shopping bags filled with merchandise, one from Sally's Shoe Store, and a letter addressed to Roland Stout.

The seized automobile was driven to the city jail garage and there stored, and the arrested persons were taken to the city jail in the police car.

On September 23, 1969, a search warrant to search the Oldsmobile was obtained and a further search was made. The Oldsmobile was still retained in custody in the city jail garage and had been since its seizure. In the second search Burgess removed the door panels. He found a box containing partially filled out money orders, numbered 8,557, 762,217 through 249, and 8,561,262,850 through 949, except No. 892, plus a Timewell, Illinois, validating stamp, rubber dating stamps for changing the date of issuance and a stamp pad.

An imprint of the validating stamp, a dating stamp showing the date purchased, and an entry of the amount of the money order and the initials of the clerk issuing it are necessary to the validity and negotiability of a money order.

Rose Ann Rose and Gleghorn testified as witnesses for the United States at the trial of Stout and Revis.

For reasons we shall hereafter state, we will not consider the contention of counsel for Stout in his brief that the first search was not valid as a search made incident to a lawful arrest, and that the affidavit on which the search warrant was issued for the second search and under which the second search was made was not sufficient to support the issuance of the search warrant. By so doing, we do not imply that we agree with either of such contentions.

49 U.S.C.A. § 781 in part here material reads:

"(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any * * * vehicle, * * * (2) to conceal or possess any contra-

band article in or upon any * * * vehicle, * * * or upon the person of anyone in or upon any * * * vehicle, * * * or (3) to use any * * * vehicle, * * * to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, * * * of any contraband article.

"(b) As used in this section, the term 'contraband article' means—

\* \* \* \* \* \*

"(3) Any falsely made, forged, altered, * * * obligation * * * or any material or apparatus, * * fitted or intended to be used, or which shall have been used, in the making of any such falsely made, forged, altered, * * * obligation * * *."

Burgess knew at the time he seized the automobile and searched it that the money orders which Rose Ann Rose had endeavored to cash in the store and the money order which he saw in Gleghorn's hip pocket had been transported in the Oldsmobile. He had also seen the money order cashed by the shoe salesman, and he knew that it had not been validly issued, and that they had been unlawfully imprinted by a validating stamp. He had reasonable cause to believe that the persons arrested had the other stolen money orders and the validating stamp, and that they were in the Oldsmobile.

The postal money orders which Rose Ann Rose had attempted to cash and the money order in Gleghorn's hip pocket were materials fitted to be used by filling in the amount, imprinting them with the validating stamp, and stamping the date of issue thereon, in falsely making a forged and altered obligation of the United States, and were contraband articles within the meaning of § 781(b) (3), supra.[1] Hence, Burgess, as postal inspector, had a right to seize the Olds-

mobile, take it into custody, and search it without a warrant.

Since the money orders were contraband, the postal inspectors had a right to seize the automobile, to take and hold it in custody, and to search it without a warrant;[2] and the postal inspectors had the right to take the contraband seized and put it where it could be safely kept as evidence for a forfeiture proceeding or any other proceeding where it was material and relevant.[3]

Accordingly, we conclude that the two searches of the Oldsmobile were valid, and that the evidence found in the Oldsmobile by the postal inspector was admissible in evidence against Stout.

Affirmed.

---

1. Lockett v. United States, 9 Cir., 390 F. 2d 168, 171, cert. den. 393 U.S. 877, 89 S.Ct. 175, 21 L.Ed.2d 149.

2. United States v. McKinnon, 5 Cir., 426 F.2d 845, 850; United States v. Francolino, 2 Cir., 367 F.2d 1013, 1018; United States v. Troiano, 3 Cir., 365 F.2d 416, 418; Sirimarco v. United States, 10 Cir., 315 F.2d 699, 701.

3. United States v. McKinnon, 5 Cir., 426 F.2d 845, 849.