**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Barthell WHITE, Defendant-Appellee.**

**No. 73–1301.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 2, 1973.

Decided Dec. 13, 1973.

Kenneth J. Haber, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellant; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

William D. Haynes, Detroit, Mich., for defendant-appellee.

Before McCREE, and MILLER, Circuit Judges, and KRUPANSKY,* District Judge.

PER CURIAM.

Plaintiff-appellant has appealed from an order of the district court granting defendant-appellee's motion to suppress nine counterfeit notes seized from the glove compartment of his automobile. The district court held there was no justification for the Government's failure to obtain a warrant to search his automobile.

---

* The Honorable Robert B. Krupansky, United States District Judge for the Northern District of Ohio, sitting by designation.

In substance the facts as stipulated reflect that officers, alerted by a cashier in a K–Mart store, arrested Barthell White and charged him with possession of counterfeit notes. Upon searching the defendant, the officers found and seized a counterfeit note in addition to a note which had been given to the cashier, and keys to an Oldsmobile automobile.

Questioned by a U.S. Secret Service agent, the defendant recited two versions as to how he arrived at the K–Mart shopping center, stating first that a friend drove him there and secondly, that his wife drove him to the store. During the interrogation, a woman called the police station, identified herself as defendant's wife, and inquired as to the whereabouts of the family automobile.

The police thereafter located a 1971 Oldsmobile automobile with license plates registered to the defendant in the K–Mart parking lot. The Secret Service agent entered the automobile and opened the glove compartment, the Government contends, to ascertain whether this was in fact the defendant's vehicle. The agent found additional counterfeit notes and seized both the automobile and the notes.

The Government contends that the vehicle was lawfully seized pursuant to 49 U.S.C. § 781 et seq. as an instrumentality of a crime, and that the agent seizing the automobile was attempting only to identify its ownership rather than looking for contraband, thereby acting reasonably under the Fourth Amendment in seizing the notes.

In view of the defendant's evasiveness in responding to questions advanced by the officers concerning his method of travel to the K–Mart and the call from his wife inquiring about the automobile, the Court is of the opinion that the officers had reasonable ground to believe the automobile had been used to transport contraband, if only the two counterfeit notes which were taken from the person of the defendant immediately after his arrest; consequently, the officers had probable cause to seize the automobile as the instrumentality of a crime pursuant to 49 U.S.C. §§ 781(a), (b)(3), and 782. Carroll v. United States, 267 U.S. 132, 160–162, 45 S.Ct. 280, 69 L.Ed. 543 (1925); United States v. Stout, 434 F.2d 1264 (10th Cir. 1970); United States v. Francolino, 367 F.2d 1013, 1018–1023 (2nd Cir. 1966), cert. denied, 386 U.S. 960, 87 S.Ct. 1020, 18 L.Ed.2d 110 (1967); Sirimarco v. United States, 315 F.2d 699, 701 (10th Cir. 1963), cert. denied, 374 U.S. 807, 83 S.Ct. 1696, 10 L. Ed.2d 1032 (1963).

Existing authority supports the legal proposition that probable cause alone, without a warrant, is sufficient to justify the seizure of the automobile here in issue pursuant to 49 U.S.C. §§ 782 and 783. In Sirimarco v. United States, *supra*, the Court of Appeals for the Tenth Circuit upheld the warrantless seizure of defendant's automobile and subsequent search thereof, where the federal officer had probable cause to believe that the automobile had been used in the transportation of counterfeit notes. The Court held in part:

> The existence of probable cause alone is not justification for a search without warrant. . . . But the existence of probable cause is justification for the seizure of a vehicle which has been used to transport or facilitate the transportation or possession of contraband so designated by statute. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S. Ct. 1302, 93 L.Ed. 1879.

> \* \* \* \* \* \*

> We have no doubt that a vehicle which has been lawfully seized pursuant to the mandate of sec. 783 may be searched without a warrant or consent of possessor or owner and that evidence so discovered may be properly admitted in prosecutions charged under 18 U.S.C.A. § 472. (citations omitted) 315 F.2d at 701.

Equally applicable to the instant case are the pronouncements of the Third

Circuit Court of Appeals in United States v. Troiano, 365 F.2d 416, 418–419 (3rd Cir. 1966), cert. denied, 385 U.S. 958, 87 S.Ct. 396, 17 L.Ed.2d 303 (1966), which involved the warrantless seizure of counterfeit postage stamps and the automobile containing them:

> [B]oth the stamps and the car containing them were contraband, subject as such to seizure without warrant and over the possessor's objection.
> . . .
>
> ❋  ❋  ❋  ❋  ❋  ❋
>
> True, such seizure must be supported by probable cause to believe the vehicle contains contraband. . . . In these circumstances, Troiano's delivery of the car keys with consent to the opening of the trunk and an examination of its contents simplified the agents' task but was not essential *to their right to seize the car and stamps without a search warrant*. . . . (citations and footnotes omitted). (emphasis added).

The Court in Troiano followed the decision in *Sirimarco, supra,* and approved an agent's authority to seize a vehicle including the contraband found therein without a search warrant if probable cause existed to believe the vehicle contained contraband. *See also,* United States v. Young, 456 F.2d 872, 875 (8th Cir. 1972); United States v. Stout, *supra,* 434 F.2d at 1267.

In view of the foregoing, we conclude that the initial seizure of the automobile without a warrant when such seizure is supported by probable cause is valid under law.

The subsequent search of the automobile and seizure of counterfeit bills from the glove compartment therein come within the pronouncements of the United States Supreme Court set forth in Cooper v. California, 386 U.S. 58, 87 S. Ct. 788, 17 L.Ed.2d 730 (1967) and, more recently, Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).

In *Cooper, supra,* the Court upheld the validity of a warrantless search of a glove compartment and seizure of its contents occurring one week after the petitioner had been arrested for selling heroin and his vehicle impounded pending forfeiture proceedings. The Court held:

> Here the officers seized petitioner's car because they were required to do so by state law. They seized it because of the crime for which they arrested petitioner. They seized it to impound it and they had to keep it until forfeiture proceedings were concluded. Their subsequent search of the car—whether the State had "legal title" to it or not—was closely related to the reason petitioner was arrested, the reason his car had been impounded, and the reason it was being retained. The forfeiture of petitioner's car did not take place until over four months after it was lawfully seized. It would be unreasonable to hold that the police, having to retain the car in their custody for such a length of time, had no right, even for their own protection, to search it . . . . Under the circumstances of this case, we cannot hold unreasonable under the Fourth Amendment the examination or search of a car validly held by officers for use as evidence in a forfeiture proceeding. 386 U.S. at 61–62, 87 S.Ct. at p. 791.

*See also, Sirimarco, supra,* 315 F.2d at 701–702; Drummond v. United States, 350 F.2d 983, 988 (8th Cir. 1965), cert. denied, Castaldi v. United States, 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542 (1966).

The Supreme Court relied upon *Cooper, supra,* in *Cady, supra,* wherein a police officer looking for a service revolver which respondent was thought to possess made a warrantless search of respondent's automobile, already in the custody of the police, and found several bloodied items in the trunk which were introduced into evidence. In upholding the search, the Court held:

> The Court's previous recognition of the distinction between motor vehicles

and dwelling places leads us to conclude that the type of caretaking "search" conducted here of a vehicle that was neither in the custody nor on the premises of its owner, and that had been placed where it was by virtue of lawful police action, was not unreasonable solely because a warrant had not been obtained. 413 U.S. at 447, 93 S.Ct. at 2531.

In view of the foregoing, the search conducted by the agent in the process of validly seizing the automobile pursuant to 49 U.S.C. § 781 et seq. was not invalid or unreasonable solely by reason of the agent's failure to obtain a warrant.

Accordingly, we conclude that probable cause existed which warranted the seizure of appellee's Oldsmobile pursuant to 49 U.S.C. § 781 et seq. and the subsequent search of the glove compartment was valid and reasonable within the meaning of the Fourth Amendment, and the evidence found therein by the agent was admissible into evidence against defendant White.

Reversed and remanded for further proceedings not inconsistent with this opinion.