**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leon KARP, Defendant-Appellant.**

**No. 74–1911.**

United States Court of Appeals, Ninth Circuit.

Dec. 4, 1974.

Before MERRILL and GOODWIN, Circuit Judges, and WOLLENBERG,* District Judge.

## OPINION

MERRILL, Circuit Judge:

On this appeal from convictions of possession of counterfeit notes under 18 U.S.C. § 472 and negatives for the making of counterfeit notes under 18 U.S.C. § 474 the sole contention is that the notes and negatives were discovered in an unlawful search and should have been suppressed. We affirm.

In May, 1973, the Secret Service learned from a convicted manufacturer and distributor of counterfeit notes that he had given $20,000 worth of counterfeit notes to Leon Karp, the defendant. On July 24, 1973, an individual matching defendant's description made a purchase at a sporting goods store and offered a counterfeit note as payment. The clerks observed defendant leave the store and noted the license plate number of the automobile in which he drove away. They apprised the Secret Service of the occurrences and gave it the counterfeit note and the license plate number.

The Secret Service traced the license number through the Department of Motor Vehicles to the defendant. On July 26 the Secret Service went to defendant's place of business and found his car in the parking lot. They waited nearby and observed defendant enter the car. At this point, without any warrant, they arrested defendant and seized the car

---

* Honorable Albert C. Wollenberg, United States District Judge for the Northern District of California, sitting by designation.

pursuant to 49 U.S.C. § 782. The defendant was removed to a Secret Service vehicle. The agents then drove defendant's automobile to the Federal Building where an inventory of the vehicle revealed counterfeit notes in the glove compartment. The vehicle was then locked. Later that day special agents returned to complete the inventory and discovered 15 negatives for making counterfeit notes in a box on the back seat. On one of these negatives the defendant's left palm print was found.

If the seizure of the automobile without warrant was valid then the subsequent search was valid under Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). The question is whether seizure without warrant was valid under 49 U.S.C. § 782. Under facts which we do not find distinguishable from those at bar, this court in United States v. McCormick, 502 F.2d 281 (9th Cir. 1974), has held that seizure without warrant under § 782 was not a reasonable seizure under the Fourth Amendment. We there held that the warrant requirement of the Fourth Amendment applies to a seizure for forfeiture as well as to a search; that the automobile exception announced in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), does not apply to such seizures unless (1) there was probable cause to believe that the car seized was at the time of seizure being used in a manner that subjected it to forfeiture, or (2) exigent circumstances excused the failure to obtain warrant.

Like *McCormick*, this case presents neither of those two factors. While there was probable cause to believe that the car had in the past been used to transport contraband, and that it was therefore subject to seizure under § 782, there was no probable cause to suppose that at the time of seizure it was transporting contraband. Nor were there exigent circumstances justifying the warrantless search. Here as in *McCormick* the officers had ample time to secure a warrant after they acquired probable cause to believe the car was subject to forfeiture. There was no need for immediate action either to secure the car for forfeiture proceedings or to search its interior. Under *McCormick*, then, lack of warrant was not excused.

The United States contends, however, that the rule of *McCormick* should be applied only to seizures conducted after July 17, 1974, the date of announcement of the rule. We agree.

■ The threshold question bearing upon the issue of prospective application of a rule under Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), is whether the decision states new principles of law or merely applies what has always been the law. In our view new principles are stated in *McCormick*.[1]

---

1. This seems to be acknowledged by the opinion itself. We there distinguished United States v. Arias, 453 F.2d 641 (9th Cir. 1972), upon the ground that the car in that case was, at the time of seizure, "being used to facilitate the consummation of a crime," *McCormick*, 502 F.2d at 284 and further stated:

"Our other decisions, Lockett v. United States, 9 Cir., 1968, 390 F.2d 168; Kaplan v. United States, 9 Cir., 1967, 375 F.2d 895; Browning v. United States, 9 Cir., 1966, 366 F.2d 420, and Burge v. United States, 9 Cir., 1965, 342 F.2d 408, were all decided before the decisions of the Supreme Court in Coolidge v. New Hampshire, *supra*; Chimel v. United States, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; United States v. Robinson, 1973, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (Dec. 11, 1973); and

Almeida-Sanchez v. United States, 1973, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596. To the extent that any of our cases can be read as holding that, in every case, a car can be seized under 49 U.S.C. § 782 without a warrant, so long as probable cause exists, they no longer state good law, for reasons considered hereafter."

United States v. McCormick, 502 F.2d at 284. We explained the change wrought by Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), by noting that, although *Cooper* would seem to uphold the validity of the seizure along with the subsequent search, the Court in *Cooper* "did not pass on the legality of the original seizure of Cooper's car." 502 F.2d at 284. *Coolidge* was then quoted as indicating that the Supreme Court would limit the rule of *Cooper* to cases in which the seizure was "unquestionably le-

The question remains whether these new principles should have retroactive application.

In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the United States Supreme Court indicated that, whenever the question of retroactive application of a new law is before the court, three criteria should be considered:

> "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

388 U.S. at 297, 87 S.Ct. at 1970. This tripartite test was reiterated in later Supreme Court decisions, Michigan v. Payne, 412 U.S. 47, 51, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973), and was most recently adopted by this circuit in United States v. Bowen, 500 F.2d 960, 975, cert. granted 419 U.S. 824, 95 S.Ct. 40, 42 L.Ed. 47 (1974).

First with regard to the purpose to be served by the new rule, we note that as a rule bearing on search and seizure it does not go to the fairness of a trial or the integrity of the fact-finding process, and in no way impairs the court's ability to determine the defendant's guilt or innocence, and that rules of this sort generally should not be applied retroactively. *Bowen, supra,* 500 F.2d at 977–978.

■ Applying the second of the *Stovall* criteria (namely, "the reliance by law enforcement authorities on the old standards,") to the case at bar, it would seem that retroactive application is not warranted. Clearly, the law enforcement officers in the present case had probable cause to believe appellant's automobile had been used to transport counterfeit money. Since they were thus justified in seizing appellant's automobile under 49 U.S.C. § 782, there was no reason under then existing rules of law for the officers to believe they must first secure a warrant. No decision of this circuit had so indicated and other circuits had upheld similar seizures. *See* United States v. Stout, 434 F.2d 1264 (10th Cir. 1970); United States v. Trotta, 401 F.2d 514 (4th Cir. 1968), cert. denied, 394 U.S. 908, 89 S.Ct. 1019, 22 L.Ed.2d 219 (1969); United States v. Francolina, 367 F.2d 1013 (2d Cir. 1966), cert. denied, 386 U.S. 960, 87 S.Ct. 1020, 18 L.Ed.2d 110 (1967); United States v. Troiano, 365 F.2d 416 (3d Cir.), cert. denied, 385 U.S. 958, 87 S.Ct. 396, 17 L.Ed.2d 303 (1966); Drummond v. United States, 350 F.2d 983 (8th Cir. 1965), cert. denied, 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542 (1966); *cf.* United States v. McKinnon, 426 F.2d 845 (5th Cir.), cert. denied, 400 U.S. 868, 91 S.Ct. 111, 27 L.Ed.2d 108 (1970).

The third criterion to be employed in determining the question of retroactivity is the effect which the new pronouncement will have on the administration of justice. If *McCormick* were to be applied retroactively to all seizures made before July 17, 1974, the consequences to the orderly administration of justice would undoubtedly be widespread.

We conclude that the rule of *McCormick* should have prospective application only. Under prior law of this circuit, Kaplan v. United States, 375 F.2d 895, 899–900 (9th Cir.), cert. denied, 389 U.S. 839, 88 S.Ct. 67, 19 L.Ed.2d 103 (1967); *see* Howard v. United States, 423 F.2d 1102, 1103 (9th Cir. 1970), affirmance of the district court would have called for.

Accordingly judgment is affirmed.

gal." This reinterpretation of *Cooper* was the basis for our re-examination of our line of cases which either had not discussed, as in

*Lockett, Kaplan,* and *Browning,* or had rejected, as in *Burge,* a requirement that warrant be secured before seizure for forfeiture.