**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gerald Leon PRUETT,
Defendant-Appellant.**

No. 76–2825.

United States Court of Appeals,
Fifth Circuit.

March 8, 1978.

Peter F. K. Baraban, No. Miami, Fla., George D. Gold, Miami, Fla., for defendant-appellant.

William L. Harper, U. S. Atty., Jerome J. Froelich, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

Before COLEMAN, MORGAN and HILL, Circuit Judges. ·

PER CURIAM:

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.

See *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564.

1. *Compare e. g., United States v. Capra,* 501 F.2d 267 (2d Cir. 1974), *cert. denied,* 420 U.S. 990, 95 S.Ct. 1424, 43 L.Ed.2d 670 (1975), *United States v. La Vecchia,* 513 F.2d 1210 (2d Cir. 1975), *United States v. Zaicek,* 519 F.2d 412 (2d Cir. 1975), *United States v. White,* 488 F.2d 563

JAMES C. HILL, Circuit Judge, dissenting:

I respectfully dissent from the denial of the petition for rehearing. I would grant rehearing as to one issue.

In our opinion, *United States v. Pruett,* 551 F.2d 1365 (5th Cir. 1977), we held that the warrantless seizure of appellant's automobile was error.

In view of the fact that the automobile, to the certain knowledge of the officers, had been used to transport cocaine, it was subject to forfeiture. 21 U.S.C. § 881, 49 U.S.C. §§ 781, 782. The presence of a third person, a Mr. Langford, at the appellants's residence, was a factor not adequately addressed in our opinion. The vehicle was mobile. Mr. Langford could have driven it away had the officers departed the premises to obtain a warrant. Had the officers detained the vehicle pending arrival of a warrant, such action, in itself, would have amounted to the very seizure here under investigation. *United States v. Mitchell,* 538 F.2d 1230 (5th Cir. 1976) (en banc).

Exigent circumstances did, in my opinion, exist. *Cardwell v. Lewis,* 417 U.S. 583, 595, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1973). Thus, on rehearing, we would not be required to decide whether or not the existence of such circumstances are prerequisite to dispensing with a warrant for the seizure of a vehicle considered itself, contraband.[1]

It is true that, when the officers obtained the admittedly valid warrant to search the house, they could have, and should have, obtained one for the car, thus, "the constable put himself in the way to blunder, though he did not." *Mitchell, supra* at 1233.

Having lawfully seized the car, a *routine* inventory of its contents was lawful. *Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788,

(6th Cir. 1973), *United States v. Neville,* 516 F.2d 1302 (8th Cir. 1975) *with United States v. McCormick,* 502 F.2d 281 (9th Cir. 1974) and *United States v. Karp,* 508 F.2d 1122 (9th Cir. 1972). *See also United States v. McKinnon,* 426 F.2d 845 (5th Cir. 1970).

**428**

17 L.Ed.2d 730 (1967). *See South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). As Judge Wisdom stated for this Court in *United States v. Gravitt,* 484 F.2d 375 (5th Cir. 1973), " . . . when the police take custody of any sort of container—be it an automobile, suitcase, or any other thing in which property may be stored—it is reasonable to search the container to itemize the property to be held by the police." 484 F.2d at 378 (citations omitted). While the officer intended to return the suitcase and its contents to the Pruetts rather than take custody of the property, the same rationale applies. Police officers are entitled to inventory the contents of a lawfully seized car to insure, among other things, that they are not exposed to false claims as to the property returned to the owners.

Therefore, in my view, rehearing as to this part of the case should have been granted and, upon rehearing, the conviction of appellant for possession with intent to distribute the marijuana then discovered ought to be affirmed.