914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone LEE, Defendant--Appellant.
 No. 90-5764.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 11, 1990.
Decided Sept. 24, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CR-89-53-R).
 John B. Boatwright, III, Boatwright & Linka, Richmond, Va., for appellant.
 Henry E. Hudson, United States Attorney, N.G. Metcalf, Assistant United States Attorney, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before CHAPMAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Tyrone Lee was convicted in a bench trial of possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He claims that the trial judge should have suppressed 400 grams of crack cocaine, an electronic scale, and 3,900 empty vials of the type used for packaging crack cocaine, all of which were seized from his 1989 Porsche automobile. The motion to suppress was heard and denied by the district court during the trial of the case. Lee appeals and we find no error.
 
 
 2
 On August 4, 1989, DEA Agent Hatley obtained a warrant to seize a 1989 Porsche automobile belonging to the appellant. This vehicle was found at the Croatan Apartments in Petersburg, Virginia. When found, the Porsche was securely locked and was protected by an alarm system which was activated. Any effort to open the doors or move the automobile would set off the alarm and also cause damage. The DEA agents were aware that the appellant was in the apartment complex, and they wanted to draw his attention to their activities in the hope that he would come outside and they could prevail upon him to produce the Porsche keys and thereby allow the Porsche to be seized and moved without damage.
 
 
 3
 The agents arranged for a uniformed policeman to approach the Porsche in the hope of attracting Lee's attention. There was no effort to attract Lee in order to search him or to arrest him because the warrant was not for him but only authorized seizure of the Porsche. After Lee saw the uniformed policeman, he came out of the apartment and was advised that the Porsche was to be seized. The officer asked Lee for the car keys and Lee returned to the apartment and promptly returned with the keys. Shortly thereafter, Lee produced the title certificate for the automobile. Lee asked to be allowed to retrieve some personal items from the interior of the car. He was advised that the contents of the automobile would be inventoried and any personal items, other than evidence, would be returned to him. Lee then asked for some tapes and small change from the console and glove compartment, and he was allowed to remove certain items.
 
 
 4
 Agent Hatley asked if there was anything in the rear hatch area, and Lee advised that there was a black bag containing some articles of clothing. The rear hatch was opened and an unzipped black bag removed. Plastic could be seen inside the bag, and Hatley asked Lee what was in the bag. Lee did not respond, but he removed the plastic and shoved the bag toward Officer King, who was also present. King asked Lee if he minded if they looked into the bag. Before Lee could respond, King saw the electronic scale and stated: "What is this?" Lee responded: "You might as well take me in, it is dope." He then put his hands behind his back in the handcuff position.
 
 
 5
 The trial court in denying the motion to suppress found that the seizure of the Porsche was legal under the warrant, and that such seizure required an inventory which would have revealed the cocaine. The court also found that Lee consented to the search.
 
 
 6
 Appellant claims that the cocaine, the scales, and the plastic vials should have been suppressed because the agents used a ruse to lure him to his vehicle and to provoke him into actions that incriminated him, and therefore his alleged consent and other actions were involuntary and coerced so as to violate his constitutional rights. This is a rather original approach, but it lacks merit and must fail.
 
 
 7
 This was a bench trial, and the finding of fact that Lee consented to the search of the black bag is not clearly erroneous. Lee does not argue that he did not consent, he simply contends that his consent was coerced by the action of the officers in attracting him to his Porsche as it was being seized.
 
 
 8
 There is no merit to the claim of coerced consent to the search. Lee was not in custody. He was present because he was interested in the future of his expensive Porsche. He was free to leave at any time and his presence was voluntary. The fact that agents did not immediately seize the automobile and used a uniformed policeman to attract Lee's attention and cause him to come to his vehicle, does not in any way suggest that his statements and actions were other than voluntary.
 
 
 9
 At trial the government proved that the written policy of the DEA requires an inventory of all items found in a seized automobile. If the Porsche had been seized without a key, it would have been forcibly opened and inventoried and the drugs would have been found. Therefore, the rationale of Nix v. Williams, 467 U.S. 431 (1984), is applicable and the evidence that would have inevitably been discovered was admissible.
 
 
 10
 The inventory of the contents of a seized automobile is recognized as being necessary to protect against claims for loss of, or damage to, property alleged to have been in the vehicle. In South Dakota v. Opperman, 428 U.S. 364 (1976), the Court recognized the validity of inventory searches of seized automobiles, and found that they did not violate the Fourth Amendment, particularly where, as here, there was a definite police procedure directing and controlling the inventory. In Illinois v. Lafayette, 462 U.S. 640 (1983), the Court extended the permissible inventory search to the contents of a shoulder bag found during the inventory.
 
 
 11
 In Cooper v. California, 386 U.S. 58 (1967), the Court upheld the search of an automobile seized under the California Narcotics Forfeiture Statute despite the absence of a warrant. The search was lawful because it was "closely related to the reason petitioner was arrested, the reason his car had been impounded, and the reason it was being "retained." 386 U.S. at 61. A number of courts of appeal have held that the search of an automobile without a warrant following a valid seizure is reasonable. See United States v. Pappas, 613 F.2d 324, 331 (1st Cir.1979); United States v. Capra, 501 F.2d 267, 280 (2d Cir.1974); United States v. Bush, 647 F.2d 357, 370 (3d Cir.1981); United States v. McKinnon, 426 F.2d 845, 849-50 (5th Cir.1970); United States v. Shye, 473 F.2d 1061, 1065-66 (6th Cir.1973); United States v. Edge, 445 F.2d 1372, 1375 (7th Cir.1971); O'Reilly v. United States, 486 F.2d 208, 210-11 (8th Cir.1973); United States v. Kimak, 624 F.2d 903, 905-06 (9th Cir.1980); United States v. Stout, 434 F.2d 1264, 1267 (10th Cir.1970).
 
 
 12
 On the present facts the search of the automobile and the contents of the black unzipped bag found in the automobile was reasonable and the evidence was admissible.
 
 
 13
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and oral argument would not aid the decisional process.
 
 AFFIRMED