UNITED STATES of America

v.

Emmett Floyd THROWER.

Crim. No. 76–488.

United States District Court,
E. D. Pennsylvania.

May 19, 1977.

William J. Winning, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Nino V. Tinari, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

The defendant, Emmett Thrower, was found guilty by the Court, sitting without a jury, of four counts of violating the federal criminal statutes which prohibit the possession and distribution of controlled substances, 21 U.S.C. §§ 841(a)(1), 846. Following the findings of guilt, which were made on March 11, 1977, defendant filed a timely Motion for New Trial and/or Arrest of Judgment. We denied that motion by our Order of April 21, 1977, which was accompanied by a lengthy Memorandum setting forth the procedural background of the entire case as well as our reasons for denying the then-pending motion.

We held a sentencing hearing on April 26, 1977, and sentenced defendant to ten years imprisonment on each of four counts, with the terms of imprisonment to run concurrently; we also imposed concurrent special four year parole terms on each of the four counts. The Judgment and Probation/Commitment Order was signed April 27, 1977, and was entered on the docket the same date.

No notice of appeal was filed within the ten day period prescribed by Rule 4(b) of the Federal Rules of Appellate Procedure. However, on May 18, 1977, subsequent to the expiration of that ten day period, defendant filed a Motion to File An Appeal Out of Time; in this motion, which is presently before us for disposition, defendant requests that we extend the time for filing notice of appeal, due to "excusable neglect" of counsel. We will grant defendant's motion, for the reasons which follow.

Rule 4(b), of the Federal Rules of Appellate Procedure, which governs the timeliness of appeals in criminal cases, requires that a defendant file a notice of appeal in the district court "within 10 days after the entry of the judgment or order appealed from." This 10 day limitation is a jurisdictional one which would preclude an appeal in this case, unless defendant can show "excusable neglect" such as to justify the granting of an extension. *United States v. Dabney*, 393 F.Supp. 529, 552 (E.D. Pa.1975), *aff'd*, 527 F.2d 644 (3d Cir. 1976).

The "excusable neglect" provision is set forth in the final sentence of Rule 4(b), which provides as follows:

Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

Fed.R.App.P. 4(b). Since the Judgment in this case was entered on April 27, 1977, defendant would, under the Rule, have until May 7, 1977, to file his notice of appeal (or,

since May 7, 1977, was a Saturday, until the first following day of business, May 9, 1977). The pending motion having been filed May 18, 1977, we still have the authority—conditioned only upon a finding of "excusable neglect"—to extend the time period until 30 days from May 7, 1977.

The crux of the matter now before us, therefore, is whether defendant has made a showing of the "excusable neglect" required by Rule 4(b) as a prerequisite to such an extension of time. In an attempt to demonstrate "excusable neglect," defense counsel, Nino Tinari, Esq., has made the following representations to the Court: *first,* that counsel is also representing defendant in another criminal case, pending in the Eastern District of Pennsylvania before another judge, involving violations of the federal drug statutes; *second,* that counsel was working simultaneously on that criminal case and the one which is before us; *third,* that a notice of appeal was timely filed in that other criminal case; and *fourth,* that due to the confusion arising by counsel's involvement in two similar criminal cases involving the one defendant, Thrower, counsel was under the mistaken impression that a notice of appeal had already been filed in the case which is before us, although it had not in fact been so filed.

Although counsel for the Government has represented to the Court that the Government opposes any extension of the 10 day appeal period in this case, we are satisfied that defendant has shown "excusable neglect" sufficient to warrant an extension of the time for filing his notice of appeal.

 The "excusable neglect" provision of Rule 4(b) was added by a 1966 amendment to the criminal rules, so as to avoid the harsh results of holding defendants to a strict 10 day limit. *United States v. Dabney,* 393 F.Supp. at 552. Based upon a reading of the applicable Committee Note, Professor Moore has concluded that the effect of the 1966 amendment was to permit extensions where the "excusable neglect" consists of the ignorance, oversight, or neglect of defendant's counsel:

. . . the Committee intended that the age-old rule that ignorance or neglect of counsel is not a basis for relief should no longer be an absolute bar to defendants in criminal cases whose notices of appeal are filed late as a result of such ignorance or neglect.

9 Moore's Federal Practice ¶ 204.19, at 995–996. There can be no doubt that, in the instant case, we are confronted with just such a situation, where, due to the confusion created by defense counsel's multiple representation of Thrower, the appeal was not timely filed because of oversight and neglect of counsel. We hold that defense counsel's representations satisfy the "excusable neglect" standard of Fed.R.App.P. 4(b).

An appropriate Order will be entered, granting the defendant's Motion and extending the time for filing a notice of appeal until 30 days from May 7, 1977; accordingly, defendant will have until June 6, 1977, to file his notice of appeal.