**UNITED STATES of America**

v.

**ONE 1975 FORD RANGER XLT SERIAL NO. F26YCV47607.**

**Civ. A. No. 77–3319.**

United States District Court,
E. D. Pennsylvania.

Jan. 30, 1979.

Peter F. Vaira, U. S. Atty., John E. Riley, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Alan B. Epstein, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is an action under 21 U.S.C. § 881 for forfeiture of a motor vehicle used in transporting a quantity of methamphetamine. The Government instituted this action as a result of claimant's use of the vehicle to distribute methamphetamine. At trial, which was had without a jury, the Government presented testimony of three law enforcement officials assigned to the Drug Enforcement Administration: Mark Moger, Richard Compton and David Brown.

After considering the testimony adduced at trial, the Court finds the following facts: Claimant, Robert Hillenbrand, the owner of a brown 1975 Ford Ranger truck bearing vehicle identification number F26YCV47607 and title number A26146091, pleaded guilty in January 1978 to counts three and five of Indictment No. 77–388, charging him with distribution of methamphetamine and conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. On August 10, 1977 the claimant was arrested in connection with the aforesaid charges, concerning which he entered his guilty plea. At the time of his arrest, the claimant was apprehended in the aforesaid truck, which was seized by the law enforcement officials.

On August 2, 1977, claimant and a co-conspirator, David Zychal, met with Mark Moger at Zychal's residence, where they agreed to sell a quantity of methamphetamine to Moger.[1] Neither claimant nor Zychal knew that Moger was a Philadelphia police officer assigned to the Drug Enforcement Administration. Claimant had driven the truck to this meeting and had there supplied Moger with a sample of methamphetamine. Following the conclusion of this conference, Moger placed several calls to Zychal's residence and was informed that claimant would supply methamphetamine to Zychal who would then make it available to Moger.

On August 10, 1977, claimant arrived at Zychal's residence in the truck at approximately 10:00 p. m. and delivered a quantity of methamphetamine. Claimant drove the vehicle to a phone booth and then to the parking lot of a nearby shopping center where he was arrested. Claimant was informed of his constitutional rights and stated that he understood them and was willing to cooperate. Shortly after being apprised of his rights, claimant told law enforcement officials that he had delivered a quantity of methamphetamine to Zychal earlier that evening and that he had used $2,500 of his own money to finance the transaction.

## DISCUSSION

The testimony of the three Government witnesses, outlined above, which testimony was uncontradicted, clearly established that the truck was used to transport the methamphetamine[2] on August 10, 1977 within the meaning of 21 U.S.C. § 881. Section 881(a)(4) specifically provides: "All . . . vehicles . . . which are used . . . to transport, or in any manner to facilitate the transportation . . . of property described in paragraph (1)" shall be subject to forfeiture to the United States. Paragraph (1) refers to "[a]ll controlled substances which have been manufactured, distributed, dispensed, or acquired in violation

---

1. At trial, claimant objected to Officer Moger's recitation of statements made to him by Zychal as constituting inadmissible hearsay. Given the provision in Federal Rule of Evidence 801(d)(2)(E) defining statements of a co-conspirator as nonhearsay, the objection was clearly without merit. This evidentiary rule is applicable in both civil and criminal proceedings. *United States v. Trowery*, 542 F.2d 623, 626 (3d Cir. 1976) (per curiam), *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1132, 51 L.Ed.2d 555 (1977); J. Weinstein and N. Berger, *Weinstein's Evidence* ¶ 801(d)(2)(E)[01] at 801–141 (1977).

2. Law enforcement agents searched the vehicle after its seizure and discovered marijuana. In light of the Court's finding that methamphetamine was transported in the truck, the discovery of the marijuana is of incidental significance.

of . . . subchapter [1 of chapter 13 of title 21]." Methamphetamine is a controlled substance within the above referred to subchapter. 21 U.S.C. §§ 811 and 812; 21 CFR 1308.12(d) (1978); *United States v. Thrower*, 442 F.Supp. 272, 277 n. 4 (E.D.Pa. 1977).

This memorandum is in lieu of findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

In light of the conclusive proof that the truck was used to transport methamphetamine, a controlled substance, an order of forfeiture will be entered.