UNITED STATES of America

v.

Raymond GREGG, Ronald James.

Crim. No. 82–286–02.

United States District Court,
E.D. Pennsylvania.

Feb. 18, 1983.

Peter F. Vaira, U.S. Atty., Paul Sarmous-akis, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Herbert G. Hardin, Philadelphia, Pa., for Ronald James.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendants were charged in a five-count indictment with drug-related offenses. Specifically, Count I charged the defendants with conspiracy to distribute heroin in violation of 21 U.S.C. § 846. Defendant Raymond Gregg was charged with distribution of heroin in Counts II, III, and IV of the indictment in violation of 21 U.S.C. § 841(a)(1). Count V of the indictment charged defendant Ronald James with aiding and abetting Gregg's distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On January 7, 1983, defendant Gregg entered a plea of guilty on Counts I, II, III, and IV of the indictment. Also on January 7, defendant James was tried on Counts I and V of the indictment before this Court sitting as a finder of fact. After the close of the 1-day trial, this Court found James guilty beyond a reasonable doubt of conspiracy to distribute heroin and aiding and abetting the distribution of heroin. Defendant James has filed motions for judgment of acquittal and a new trial. For the reasons hereinafter set forth, the Court will deny defendant James' motions.

As a basis for granting his motions, James contends that the evidence produced

at trial did not establish a conspiracy to distribute heroin. In particular, James contends that the Government did not present sufficient evidence to establish James' participation in a conspiracy with Gregg and that it was therefore error for this Court to admit into evidence statements to Government agents which implicated James in the conspiracy to sell heroin. James contends that Gregg's statements were inadmissible hearsay. However, the evidence presented at trial showed a series of actions on the part of both Gregg and James which established the existence of a conspiracy between them. Therefore, any statements of Gregg, even those that would otherwise be excludable hearsay, are admissible pursuant to the "co-conspirator statements" exception to the hearsay rule.

Based on the evidence presented at trial, the Court finds the following facts were established beyond a reasonable doubt. On April 21, 1982, Government agents Mark Moger, Frank Lee, and informant Evelyn Lewis, working as part of a Drug Enforcement Administration task force, sought to make a purchase of drugs at the Little Six bar in West Philadelphia. Moger and Ms. Lewis entered the bar while Officer Lee observed from the street. Ms. Lewis approached defendant James, whom she knew, and asked him if he had heroin to sell to Moger. James replied that he did have heroin but was hesitant to sell it to Moger, whom he did not know. Ms. Lewis then saw Raymond Gregg, whom she knew, in the bar and asked if he would aid in the sale of heroin from James to Moger. Gregg said he would. Gregg then approached James. Gregg and James left the bar and talked outside briefly and strolled away from the bar for a short while. Gregg then re-entered the bar and asked Moger for $350 cash, which Moger gave to Gregg. James re-entered the bar and went to the men's room in the bar. Gregg followed him into the men's room where they were alone for several minutes. James then left the rest room, counting money as he exited. Subsequently, Gregg emerged with the heroin, which he gave to Ms. Lewis and Moger.

Gregg stated that he had exchanged the $350 cash for heroin with James while they were alone in the bathroom. He then asked Moger for some money as compensation for his efforts in arranging the sale with James. Moger gave Gregg $15. Moger and Ms. Lewis then left the Little Six bar and rejoined Officer Lee. The substance obtained from defendants James and Gregg was tested and found to be heroin.

■ In ruling on defendant James' motions, the Court must determine whether the evidence, when viewed in a light most favorable to the Government, was such that a jury could have found beyond a reasonable doubt that the defendant was guilty as charged. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Phifer,* 400 F.Supp. 719, 724 (E.D.Pa.1974), *aff'd,* 532 F.2d 748 (3d Cir.1976). Evidence sufficient to support a conviction may be obtained by either direct or circumstantial evidence, or both. *United States v. Miah,* 433 F.Supp. 259, 264 (E.D. Pa.1977).

■ Title 21, United States Code, § 846 provides, *inter alia,*

> Any person who attempts or conspires to commit any offense defined in this chapter (violation of the Controlled Substances Act) is punishable by imprisonment or fine or both ....

Unlike the general federal criminal conspiracy statute which is codified at 18 U.S.C. § 371, the Controlled Substance Act conspiracy statute (21 U.S.C. § 846) does not require that an overt act in furtherance of the conspiracy be committed as a precondition to conviction. *See United States v. Dreyer,* 533 F.2d 112, 117 n. 6 (3d Cir.1976); *United States v. De Jesus,* 520 F.2d 298 (1st Cir.1975). Thus, to support a conviction for a violation of 21 U.S.C. § 846, the Government must produce sufficient evidence to prove beyond a reasonable doubt that the conspiracy was knowingly formed and that the defendant wilfully participated in the unlawful plan, with the intent to advance or further the illegal purpose of the conspiracy. *See United States v. Lum,* 466 F.Supp. 328, 331 (D.Del.1979). *See also*

*United States v. Meyers,* 646 F.2d 1142, 1143–44 (6th Cir.1981); *United States v. Thompson,* 533 F.2d 1006, 1009 (6th Cir. 1976), *cert. denied,* 429 U.S. 939, 97 S.Ct. 353, 50 L.Ed.2d 308 (1976).

The physical, observed conduct of defendants James and Gregg clearly indicated that they wilfully formed a conspiracy to distribute heroin, that defendant James wilfully became a member of said conspiracy and that he participated in the plan in order to further the plan's illegal purpose. The defendants also committed overt acts in furtherance of the conspiracy. Their actions at the Little Six bar clearly show them to have acted in concert. Their discussion outside the bar, their movements inside the bar, the exchange of $350 for heroin, and their conduct in the bar is evidence that there existed a conspiracy to sell heroin to Moger and Ms. Lewis. Under these circumstances, it is clearly proper to consider the statements of defendant Gregg. These statements and the physical conduct of defendant James establish beyond any reasonable doubt defendant James' participation in the conspiracy and his aiding and abetting of Mr. Gregg in the sale of heroin to Moger.

▆▆▆ Federal Rule of Evidence 801(d)(2) specifically provides that

A statement is not hearsay if—The statement is offered against a party and is ... (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

In order for statements to be admissible under this section of the hearsay rule, the Government must prove participation in the conspiracy by each defendant against whom coconspirator statements are offered "by a fair preponderance of the evidence independent of the hearsay utterances." *United States v. Geaney,* 417 F.2d 1116, 1120 (2d Cir.1969), *cert. denied,* 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970). *See also United States v. Continental Group, Inc.,* 603 F.2d 444, 456 (3d Cir.1979), *cert. denied,* 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980). The threshold requirement for admissibility of coconspirator statements is

satisfied when the Government presents evidence showing "a likelihood of an illicit association," *United States v. Bey,* 437 F.2d 188, 190 (3d Cir.1971). *See also United States v. Schoenhut,* 576 F.2d 1010, 1028 (3d Cir.), *cert. denied,* 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 421 (1978) (independent evidence of defendant's stake in criminal venture can establish likelihood of conspiracy).

As this Court observed in *United States v. Feliziani,* 472 F.Supp. 1037 (E.D.Pa.1979),

Hearsay declarations of co-conspirators are admissible against other members of the conspiracy only upon a sufficient showing, by independent evidence, that the conspiracy existed, that defendant and declarant were members thereof, and that the declarations were made in furtherance of the conspiracy. *United States v. Nixon,* 418 U.S. 683, 701, 94 S.Ct. 3090 [3104], 41 L.Ed.2d 1039 (1974).

It has long been the rule in the Third Circuit that the judge must find by "a fair preponderance of the evidence" that the conspiracy existed, that the defendant was a member thereof, and that the declarations were made during the conspiracy and in furtherance thereof. *United States v. Bey,* 437 F.2d 188 (1971). This rule was not changed by the *Nixon* case. The Third Circuit in the *Trotter* case said:

We need not determine whether the standard referred to in *United States v. Nixon, supra,* has more to commend it than the "fair preponderance" standard applied in this circuit. Since the "fair preponderance" standard is more severe than the prima facie standard, admission of hearsay under the former would *a fortiori* satisfy the latter. In the instant case, the application of the fair preponderance standard placed a greater burden on the prosecution than it would have borne under the prima facie standard alternatively urged by defendant Trotter. *United States v. Trotter,* 529 F.2d 806 (3d Cir.1976).

In determining whether there is a preponderance of the evidence, the credibili-

ty of the evidence must be weighed. *United States v. Bey,* 437 F.2d at 191. 472 F.Supp. at 1046.

As heretofore noted, the independent evidence presented by the Government was more than sufficient to establish, by a fair preponderance of the evidence, that a conspiracy existed between defendants Gregg and James to sell heroin to Moger. Quite frankly, their conduct in and around the Little Six bar on the afternoon of April 21, 1982 in response to Ms. Lewis' inquiry about purchasing drugs permits no reasonable explanation for their conduct other than a joint venture to distribute heroin. These overt actions as observed by the Government witnesses and the statements of Gregg clearly establish beyond any reasonable doubt Mr. James' guilt of the two crimes charged in the indictment.

 Defendant has also contended that his convictions on charges of conspiracy (Count I) and aiding and abetting (Count 2) violate the Double Jeopardy Clause of the United States Constitution (U.S. Const.Amend. V. cl. ii). The defendant's argument is without legal merit.

The Double Jeopardy Clause of the Constitution provides three related protections: protection against a second prosecution for the same offense after acquittal; protection against a second prosecution for the same offense after conviction; and protection against multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *United States v. Cowart,* 595 F.2d 1023, 1028–29, n. 7 (5th Cir.1979). In this case, defendant James contends that his convictions violate the Double Jeopardy Clause's prohibition against multiple punishment for the same offense.

Perhaps the leading case concerning multiple punishment and the Double Jeopardy Clause is *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), wherein the Supreme Court stated

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

284 U.S. 304, 52 S.Ct. at 182. The *Block- burger* test is often referred to as the "same evidence" test (*see United States v. Cowart* ), 595 F.2d at 1029, n. 8) but is actually a test based upon the elements of the crimes charged. *See Brown v. Ohio,* 432 U.S. at 166, 97 S.Ct. at 2225; *United States v. Cowart, supra,* 595 F.2d 1029. As the Supreme Court observed in *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975): "If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *See also United States v. Dunbar,* 591 F.2d 1190, 1193 (5th Cir.1979); *United States v. Thrower,* 442 F.Supp. 272 (E.D.Pa.), *aff'd* 568 F.2d 771 (3d Cir.1977).

In the instant case, there clearly exists a difference in the elements of the crimes charged. One who has been found to have conspired to distribute heroin cannot be found to have aided and abetted the sale of heroin unless such a sale takes place. One can be guilty of conspiracy even when the object of the conspiracy is not accomplished. *Iannelli v. United States,* 420 U.S. at 778, 95 S.Ct. at 1290; *United States v. Cowart,* 595 F.2d at 1030. Thus, conviction of defendant James for aiding and abetting the heroin sale requires "proof of an additional fact" within the meaning of *Blockburger v. United States.* In this case, the additional fact is the actual sale and distribution of heroin by defendant Gregg to Moger.

This Court is well aware that a defendant cannot be found guilty of aiding and abetting the commission of a crime unless there has also been a finding that the crime was in fact committed. *See United States v. Standefer,* 610 F.2d 1076 (3d Cir.1979), *aff'd.,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980); *United States v. Provenzano,* 334 F.2d 678 (3d Cir.), *cert. denied,* 379 U.S. 947, 85 S.Ct. 440, 13 L.Ed.2d 544 (1964). That prerequisite has been satisfied

in this case. Based on the evidence presented at trial, this Court found beyond a reasonable doubt that defendant Gregg did sell heroin to Moger and Ms. Lewis. Furthermore, Gregg pleaded guilty to making this sale of heroin.

This Court's interpretation of *Blockburger* as applied to the facts of this case comports with the statutory construction of the United States Court of Appeals for the Third Circuit, which has observed, "The cases are clear that one may cause another to commit a crime", 18 U.S.C. § 2(b), or aid and abet the commission of a crime, 18 U.S.C. § 2(a) without being a conspirator with the principal offender. *United States v. Krogstad,* 576 F.2d 22, 29 (3d Cir.1978), citing *United States v. Allard,* 458 F.2d 1136, 1139 (3d Cir.), *cert. denied,* 409 U.S. 861, 93 S.Ct. 149, 34 L.Ed.2d 108 (1972); *United States v. Giuliano,* 263 F.2d 582, 585 (3d Cir.1959). Of course, one may both conspire to commit the crime and aid and abet the commission of a crime. *See Krogstad,* supra, 576 F.2d at 29.

The *Blockburger* test was recently reaffirmed by the Supreme Court in *Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), wherein the Court held that two criminal statutes may be construed to proscribe the same conduct as defined by *Blockburger* and yet not violate the Double Jeopardy Clause, provided that the legislature intended to provide for the possibility of two convictions for two statutory violations arising out of the same conduct. Here, however, this Court need conduct no such searching inquiry as to the intent of Congress in enacting 21 U.S.C. § 846 and 18 U.S.C. § 2 because defendant James' convictions on Counts I and V of this indictment do not punish him twice for the "same conduct." *See also Brown v. Ohio,* supra; *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), *reh. denied,* 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 164 (1977). The Court must therefore deny defendant's motion to overturn his convictions on the basis of the Double Jeopardy Clause.

An appropriate Order will be accordingly entered.